UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| T. MATTHEW PHILLIPS,<br><br>        Plaintiff(s),<br><br>v.<br><br>NUTRANEXT, LLC,<br><br>        Defendant(s). | Case No.: 2:20-cv-00348-GMN-NJK<br><br>**REPORT AND RECOMMENDATION** |

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, which is an issue it can raise at any time. *See, e.g.*, Fed. R. Civ. P. 12(h)(3).

This case was removed on the basis of diversity jurisdiction. Docket No. 1. There is a strong presumption against the exercise of removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*). A removing defendant bears the burden of establishing subject matter jurisdiction. *Id.* "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Diversity jurisdiction exists when, *inter alia*, the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Conclusory allegations as to the amount in controversy are insufficient" to support removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (*per curiam*). To determine the amount in controversy on removal, courts may consider the facts alleged in the complaint and in the notice of removal, and may also "require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of

removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson*, 319 F.3d at 1090-91. "[D]istrict courts can make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable, and may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Muego v. Cassalata*, 2020 WL 806357, at *1 (D. Nev. Feb. 18, 2020).

Proceeding *pro se*, Plaintiff here alleges that Defendants' magnesium supplement product contains "red particles" that are actually "nanosensors," *i.e.* "smart" technology devices. Complaint ¶¶ 27-28. Plaintiff worries that these red particles may have caused him physical harm. *Id.* at ¶¶ 32-33. Plaintiff's complaint seeks myriad relief, but does not specify any monetary demand. *See id.* at ¶ 92 (prayer for relief). Nonetheless, Defendant's notice of removal indicates on "information and belief" that the amount in controversy is more than $75,000 given the claims alleged and types of damages sought. *See id.* at 3.

The Court already concluded that the vague assertions in the removal papers are plainly insufficient and ordered Defendants to make an "evidentiary showing" as to how the amount in controversy requirement is met here. Docket No. 8 at 2.[1] Defendants responded to the order to show cause by asserting that a product recall could result if Plaintiff prevails in this case and, further, that "Defendants estimate that the administrative expenses alone to perform a recall of the product at issue would be in excess of $100,000.00." Docket No. 11 at 2. Although Defendants identify certain types of costs that could be incurred, no declaration or other evidentiary showing is made in support of the amount in controversy claimed. *See id.* Nor is even the most basic detail provided, including the projected dollar amount of each type of cost or the number of these products that exist. *See id.* The evidentiary shortcoming is particularly pronounced given that the

---

[1] The Court also ordered Defendants to show cause as to the diversity of the parties, an issue that need not be resolved given the failure to establish a sufficient amount in controversy.

complaint seeks a recall limited only to "tainted lot numbers" (*i.e.*, a partial product recall). *See* Compl. ¶ 92; *see also id.* at ¶¶ 34-35 (alleging that the red particles exist in only a subset of the product).

Ninth Circuit case law makes clear that Defendants' unsupported "estimate" of the amount in controversy will not suffice. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996) (rejecting argument that cost of injunctive relief sufficed to meet amount in controversy requirement because the defendant "provided us with absolutely no evidence which would allow us to determine the extent of the loss which it might incur if an injunction is granted"). The assertion by counsel here does not carry evidentiary weight, let alone sufficient evidence to dispel any doubt that removal was appropriate. The Court's common sense and judicial experience also make clear that Plaintiff's claims have not created a case exceeding $75,000 in controversy.

Accordingly, the undersigned recommends that this case be **REMANDED**.

Dated: March 20, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).